## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ORLANDO A. HERNANDEZ,** | |
| **Plaintiff,** | **Civil Action No. 23-01272** |
| **v.** | **Hon. Michael E. Farbiarz, U.S.D.J.** |
| **TOWNSHIP OF LYNDHURST, et al.,** | **Hon. Cathy L. Waldor, U.S.M.J.** |
| **Defendants.** | |

## WHEREAS OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 30). The Court, having considered the papers and the arguments in support of and in opposition to Plaintiff's motion (ECF Nos. 30-4, 40, and 42), and for good cause shown and,

**WHEREAS** on March 6, 2024, Plaintiff filed a complaint against Officer Paul F. Haggerty, Officer Michael Carrino, the Township of Lyndhurst, and the Bergen County Prosecutor's Office in connection with a car stop that eventually led to the Officers' discovery of narcotics inside of a toolbox in the trunk of Plaintiff's car. (*See generally,* Original Complaint, ECF No. 1). Plaintiff was charged with and convicted for drug offenses, and thereafter sentenced to a twenty-year term of imprisonment. (First Amended Complaint ¶¶ 92–96, ECF No. 15). The New Jersey Appellate Division reversed Plaintiff's conviction on appeal. (*Id.* ¶ 99). Plaintiff's complaint asserts, among other things, various causes of action resulting from the alleged violations of his Federal and State civil rights. (*See generally, id.*); and

**WHEREAS** Officer Paul F. Haggerty, Officer Michael Carrino, the Township of Lyndhurst (collectively, "Lyndhurst Defendants"), filed an answer to the Original Complaint and asserted crossclaims against the Bergen County Prosecutor's Office ("BCPO") on May 2, 2024. (ECF No. 4).  In lieu of an answer, BCPO filed a Motion to Dismiss, (ECF No. 10), which the District Judge granted without prejudice, authorizing Plaintiff to amend the complaint on or before March 29, 2024, (ECF No. 14); and

**WHEREAS** on March 28, 2024, Plaintiff filed his Amended Complaint, (ECF No. 15). BCPO again filed a Motion to Dismiss, (ECF No. 16), which the District Judge denied on February 10, 2025.  (ECF No. 21).  The Lyndhurst Defendants did not file an answer, and instead, filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) on February 13, 2025.  (ECF No. 24); and

**WHEREAS** Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). Pleadings are "closed" after the complaint and answer are filed.  *Horizon Healthcare Servs., Inc. v. Allied Natl Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007).  In multiparty cases, "pleadings are not considered closed until every defendant has answered the complaint." *Newton v. Greenwich Twp.*, No. 12-238, 2012 WL 3715947, at *1 n.1 (D.N.J. Aug. 27, 2012).  An amended pleading supersedes all prior pleadings.  *See Sunset Fin. Res., Inc. v. Redevelopment Grp. V, LLC*, 417 F. Supp. 2d 632, 642 n.15 (D.N.J. 2006).  Accordingly, the Court administratively terminates the Lyndhurst Defendants' 12(c) Motion as premature and procedurally improper at this juncture; and

**WHEREAS** Plaintiff seeks leave to amend his First Amended Complaint.  (ECF No. 30). Under Rule 15(a)(2), a party may amend its pleadings with consent of the adversary or with leave

of the Court.  Fed. R. Civ. P. 15(a)(2).  Courts shall "freely give leave to amend when justice so requires."  *Id*.  Deciding whether to grant leave to amend the complaint is a matter of the Court's discretion.  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).  The Third Circuit liberally permits amendments to ensure "a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); and

**WHEREAS** the Court may exercise its discretion under Rule 15 to deny leave to amend or supplement the complaint due to:  (1) futility of the amendment; (2) a party's undue delay; (3) prejudice to the non-moving party; or (4) bad faith.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Importantly, prejudice to the non-moving party constitutes "the touchstone for the denial of leave to amend."  *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).  The Court may discern prejudice if amending the complaint "would result in additional discovery, cost, and preparation to defend against new facts or new theories."  *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001).  The delay must "place[ ] an unwarranted burden on the court of when the plaintiff has had previous opportunities to amend."  *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton*, 252 F.3d at 273).  Futility of the amendment is demonstrated when the legal sufficiency of the complaint is unable to survive a motion to dismiss under the Rule 12(b)(6) standard.  *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); and

**WHEREAS** Plaintiff argues that there is no undue delay or delay because the proposed second amendment is made early in the litigation with no discovery having been conducted, there is no dilatory motive for filing the amended complaint, and the proposed amendments are not futile because they add specificity to the legal theories and facts asserted in the Complaint.  (Plf's Brief in Support of Amending the First Amended Complaint at 9–10, ECF No. 30-4).  The Lyndhurst

Defendants oppose solely on futility grounds, incorporating all of the arguments made in connection with their Motion for Judgment on the Pleadings. (Lyndhurst Dfs' Opposition Brief at 4, ECF No. 40); and

**WHEREAS** the Court finds no undue delay or prejudice the proposed amendments to the First Amended Complaint are made within the pleading stage of this litigation and discovery has not commenced. The Court does not find that the proposed amended pleading is a product of bad faith. Because the Court terminated the Lyndhurst Defendants' Motion for Judgment on the Pleadings as procedurally improper, it will not address the arguments regarding futility of the Second Amended Complaint. The Court finds that the proposed amendments expand on the legal basis for which Plaintiff seeks relief and add specificity to the contours of the Civil and Constitutional Rights that Plaintiff alleged were violated; and

**WHEREAS** the Plaintiff's Motion to Amend the First Amended Complaint is hereby **GRANTED**; and

The Court **ORDERS**, on this **10th** day of **July 2025**:

Plaintiff may file his Second Amended Complaint on or before July 18, 2025; and

Defendant BCPO may file its answer or response on or before August 1, 2025, pursuant to the Court's previous order in ECF No. 38; and

Defendants Township of Lyndhurst, Haggerty, and Carrino may file their answer or response to Plaintiff's Second Amended Complaint on or before August 8, 2025; and

The Clerk's Office is kindly directed to terminate Defendant Township of Lyndhurst, Haggerty, and Carrino's Motion for Judgment on the pleadings in ECF No. 24.

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor**
**United States Magistrate Judge**

cc:   Hon. Michael E. Farbiarz, U.S.D.J.