UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ORLANDO A. HERNANDEZ,

　　　　　　*Plaintiff*,

　　　v.

TOWNSHIP OF LYNDHURST, et al.,

　　　　　　*Defendants*.

No. 23-cv-01272 (MEF)(CF)

OPINION and ORDER

## Table of Contents

I.   Background
　　　A.　　The Allegations
　　　B.　　Procedural History
II.  Fourth Amendment
　　　A.　　The Individual Defendants
　　　B.　　The Municipal Defendant
II.  Fourteenth Amendment
III. Conclusion

\*　　\*　　\*

A man was arrested, detained, prosecuted, and convicted after drugs were found in his car --- but his conviction was reversed on appeal.

He sued the police officers who found the drugs and the town where they worked, arguing that his constitutional rights were violated.

The defendants have moved to dismiss.

The motion is granted in part and denied in part.

                            *      *      *

## I.    Background

### A.    The Allegations

The relevant allegations[1] for now are as follows.

In September 2015, local police stopped a man[2] while he was driving through a New Jersey town.[3]  See Second Amended Complaint ("Amended Complaint") (ECF 54) ¶¶ 2, 13–15, 18–19; see also State v. Hernandez, 2021 WL 5872883, at *1 (N.J. Super. Ct. App. Div. Dec. 13, 2021).

The officer[4] who stopped the car suspected that it contained "illegal contraband," so he called for a drug-sniffing dog.  See Complaint ¶¶ 37–40.

The dog indicated that drugs were present.  See id. ¶ 42.

So the officer searched the car and found "contraband" in the trunk.  See id. ¶¶ 124, 131.

The man was arrested and taken into custody.  See id. ¶¶ 134, 137.

Then he was charged, convicted, and imprisoned.  See id. ¶¶ 150, 152, 154.

But his conviction was reversed by a New Jersey appellate court, see id. ¶¶ 155–58, in part because, the court held, the search violated the New Jersey Constitution.  See Hernandez, 2021 WL 5872883, at *7–9.

───────────────

[1]  Because this is a motion to dismiss, the Court must treat all of the allegations as true.  See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).  Whether they are in fact true --- that is a question for later in the case.

[2]  Orlando A. Hernandez.

[3]  Lyndhurst.

[4]  Paul F. Haggerty.

2

### B.    Procedural History

In light of the above, the man[5] filed this lawsuit in March of 2023.  See Complaint with Jury Demand (ECF 1) at 30.  From here, he is called "the Plaintiff."

He sued, among others, the officer who stopped him,[6] see Complaint ¶¶ 14-15, 18-20, the officer's supervisor,[7] see id. ¶ 5, and the town[8] where he was stopped.  See id. ¶ 13.

From here, the officer, supervisor, and town are referred to, collectively, as "the Defendants."

                    *    *    *

The Plaintiff presses various federal and state law claims, see id. ¶¶ 203-89, and the Defendants have filed a motion to dismiss.  See Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss on Behalf of Defendants Township of Lyndhurst, Paul F. Haggerty and Michael Carrino ("Defendants' Brief") (ECF 57-1) at 1.

That motion is before the Court.[9]

## II.   Fourth Amendment

### A.    The Individual Defendants

Start with the Plaintiff's Fourth Amendment claim against the Defendant-officer and the Defendant-police supervisor.  See Complaint ¶¶ 1, 182, 200, 203-10.

------------------------

[5]  Recall: Orlando A. Hernandez.

[6]  Recall: Paul F. Haggerty.

[7]  Michael Carrino.

[8]  Recall: Lyndhurst.

[9]  This Opinion and Order only takes on the Fourth Amendment claim against the individual Defendants, see Complaint ¶¶ 203-10; the Fourth Amendment claim against the town, see id. ¶¶ 203-10, 244-59; the Fourteenth Amendment claim against the individual Defendants, see id. ¶¶ 224-28; and the Fourteenth Amendment claim against the town, see id. ¶¶ 224-28, 244-59. The Defendants' arguments as to the remaining claims can be addressed later as appropriate.

3

They argue the Fourth Amendment claim cannot go forward because it was pressed too late.  See Defendants' Brief at 6-10, 12-13.

The Court's conclusion: this gets it right.

\*     \*     \*

The Fourth Amendment claim here is subject to a two-year limitations period.  See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998).

When did the two-year clock start running?

That is a bit complicated because the Plaintiff's Fourth Amendment claim runs through a number of different theories.

First, the Fourth Amendment claim is based on an unlawful-search theory.  See Complaint ¶ 204.  That part of the claim accrued "the moment of the search."  Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018).

Here, the search took place in September 2015.  See Hernandez, 2021 WL 5872883, at *1-3; see also Complaint ¶¶ 116, 162.  So any unlawful search claim needed to be filed within two years of September 2015.  But this case began years after that, in 2023.

Second, the Plaintiff's Fourth Amendment claim against the individual Defendants is based on false arrest and false imprisonment theories.  See Complaint at 31-32.

Those aspects of the claim accrue when a plaintiff "appear[s] before the examining magistrate and [is] bound over for trial." Wallace v. Kato, 549 U.S. 384, 391 (2007).

The Plaintiff was arrested on September 21, 2015.  See Hernandez, 2021 WL 5872883, at *1, *3.  The complaint is silent as to when he first appeared in court.  But it can be assumed that the Plaintiff appeared relatively soon after his arrest, because that is what the law has long required.  See County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).

So the limitations period expired here around late September of 2017 --- more than five years before this suit was filed in March 2023.

Bottom line: as to the individual Defendants, the Fourth Amendment claim is time-barred.

\*     \*     \*

4

Against this conclusion, the Plaintiff has one main counterargument --- that the Fourth Amendment claim should count as timely under the doctrine of "equitable tolling."[10]  See Plaintiff's Memorandum of Law in Opposition to Defendants' Township of Lyndhurst, Paul F. Haggerty and Michael Carrino's Motion to Dismiss Pursuant to Rule 12(b)(6) ("Plaintiff's Opposition") (ECF 66) at 34-36.

But this does not work.

The Fourth Amendment claim uses Title 42, United States Code, Section 1983, as its cause of action.  See Complaint at 31; see also id. ¶¶ 1-8.

"The general rule is that state tolling principles . . . govern § 1983 claims."  Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009); see also Wallace, 549 U.S. at 385.

And under New Jersey law, a limitations period may be tolled "(1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  See F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012) (cleaned up); accord, e.g., Harrell v. Dep't of Treasury, 2020 WL 898124, at *7 (N.J. Super. Ct. App. Div. Feb. 25, 2020); Freeman v. State, 347 N.J. Super. 11, 31 (App. Div. 2002).

The Plaintiff points to the second scenario --- and argues that his "extended incarceration constitutes an 'extraordinary circumstance' that prevented him from timely pursuing his claims."  Plaintiff's Opposition at 36.

But that is not a persuasive argument under New Jersey law.  See Freeman, 347 N.J. Super. at 32 (rejecting as "wholly without merit" the plaintiffs' argument that they were "in some extraordinary way" prevented from making a timely filing because they were incarcerated) (cleaned up); cf. Fleming v. N.J. Dep't of Corrs., 2025 WL 3511312, at *2, *5 (N.J. Super. Ct. App. Div.

---

[10]  The accrual date, already discussed, determines when the clock starts running.  The limitations period determines how long the clock can run before a claim becomes time-barred.  And "tolling" law determines whether, for some period, the clock can be paused --- so that, say, 6 months go by in the world, but those 6 months do not run off the clock, because during that period the clock was not ticking, it stood still.

Dec. 8, 2025) (affirming the trial court's denial of a motion for leave to file a late notice of a tort claim in part because the plaintiff's "status as an inmate does not constitute 'extraordinary circumstances'").

To be sure, federal courts may not be bound by "state tolling principles [that] contradict federal law or policy."  Kach, 589 F.3d at 639.

But the existence of that carveout does not change the picture here --- because imprisonment, standing alone, is not a basis for tolling under federal law, either.  See Murphy v. Carroll, 2003 WL 22937770, at *3 (D. Del. Oct. 29, 2003) ("The fact that a person is incarcerated does not constitute an extraordinary circumstance sufficient to trigger equitable tolling."); see also Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) (similar); McDonald v. Warden, 482 F. App'x 22, 31 (6th Cir. 2012) (similar); Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012) (similar); Cody v. Garman, 2019 WL 3208361, at *1 n.2 (E.D. Pa. July 15, 2019) (similar); Allen v. Morgan, 40 F. Supp. 3d 404, 409 (D. Del. 2014) (similar); Reimer v. United States, 2026 WL 160668, at *4 (D.N.J. Jan. 20, 2026) (similar).

*    *    *

Bottom line: the Plaintiff's Fourth Amendment claim against the individual Defendants must be dismissed.  It comes too late.[11]

---

[11]  At one point, the Plaintiff argues that the clock should not have run on his Fourth Amendment claim while he was in prison for another reason --- on account of the so-called discovery rule.  See Plaintiff's Opposition at 32–33.  That rule "tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so."  William A. Graham Co. v. Haughey, 646 F.3d 138, 141 (3d Cir. 2011).  Two problems with this argument.  First, the Plaintiff says that certain relevant information was "not easily discoverable while [he] was incarcerated."  Plaintiff's Opposition at 33.  But none of the information he highlights was needed to make out a Fourth Amendment claim against the individual Defendants.  Second, under New Jersey law, the "discovery rule is inapplicable so long as there is awareness of the injury itself."  Freeman, 347 N.J. Super at 29.  (And under federal law, too.  See G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 613 (3d Cir. 2015) (where the discovery rule applies, the limitations period runs from "the date the

B.    **The Municipal Defendant**

The Plaintiff's also presses a Fourth Amendment claim against the municipal Defendant.[12]  See Complaint ¶¶ 203–10, 246, 248–52, 256, 257–58.

But same result.

The limitations period for this claim is also two years.  See Bullock v. Borough of Roselle, 2018 WL 4179481, at *8 (D.N.J. Aug. 31, 2018) (holding that a claim against a New Jersey municipality pressed using a Section 1983 cause of action is "subject to the same two-year statute of limitations as the underlying . . .  tort"); Hurley v. Hillsborough Twp. Bd. of Educ., 2025 WL 1531229, at *7 (D.N.J. May 29, 2025) (similar); Waselik v. Township of Sparta, 2017 WL 2213148, at *5 (D.N.J. May 18, 2017) (similar); Sanford-El v. Cannon, 2020 WL 4745996, at *6 (D.N.J. Aug. 17, 2020) (similar); Lawson v. City of Vineland, 2022 WL 16922175, at *3 (D.N.J. Nov. 14, 2022) (similar).

And the clock started running on the claim against the municipality at the same time the Fourth Amendment claim against the individual Defendants did.  See Weaver v. Brozell, 2024 WL 4476496, at *6–7 (W.D. Pa. Oct. 11, 2024) (holding that municipal liability claim "accrued on the date of [the plaintiff's] arrest" at the same time his "false arrest/imprisonment" claims accrued); Boyer v. Clinton Cnty. Sheriff's Off., 645 F. Supp. 3d 815, 821, 824 (S.D. Ohio 2022) (holding that municipal liability claims based in part on alleged Fourth Amendment violations accrued on the day of the relevant police conduct).[13]

―――――――――――――――

aggrieved party knew or should have known of the injury").) Here, the Plaintiff's alleged injury was his search and seizure --- and he was plainly aware of those when they happened.  See Pisano v. City of Union City, 198 N.J. Super. 588, 593 (Law. Div. 1984) ("[The p]laintiff in the case at bar is chargeable with knowledge of the facts of his arrest which were overt, thus making inapplicable the discovery rule.").

[12]  Recall: Lyndhurst.

[13]  Some cases go in a different direction.  See, e.g., Pinaud v. County of Suffolk, 52 F.3d 1139, 1157 (2d Cir. 1995) ("Since an actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipality's policy or

So the municipal liability claim became time-barred in September 2017 --- and cannot now go forward.[14]

## II.  Fourteenth Amendment

The Plaintiff also claims that the individual Defendants and the municipal Defendant are liable for violating the Fourteenth Amendment's Equal Protection Clause.  See Complaint ¶¶ 224-28.

The Defendants argue that this claim was also filed after the limitations period expired.  See Defendants' Brief at 10.

But for now at least, this argument is not persuasive.

The limitations period is two years, see Dique, 603 F.3d at 185, and it usually runs from "the time that the wrongful act resulting in damages occurs."  Id. at 188.

Assume the clock started during late September 2015, when the Plaintiff was stopped, arrested, and appeared before a judicial officer.  See Hernandez, 2021 WL 5872883, at *1-3; County of Riverside, 500 U.S. at 56; Complaint ¶ 162.

At first glance, that would seem to suggest that there is a time bar problem.

But New Jersey law determines whether the clock might have been tolled, see Dique, 603 F.3d at 185, and the Plaintiff says it was tolled here, citing the Third Circuit's Dique decision.  See Plaintiff's Brief at 32-33.

In Dique, the Third Circuit held that the "discovery rule postponed accrual" of a "Fourteenth Amendment selective-enforcement claim" pressed by a "victim of racial profiling" who was stopped on the highway by a state trooper --- and later arrested after drugs were found drugs in his vehicle following a

---

custom, a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county policy or custom.") (cleaned up).  But the Court does not find this persuasive, largely for the reasons laid out in the Boyer case, cited in the text.

[14]  Equitable tolling and the discovery rule do not change the analysis, largely for the reasons discussed as to the individual Defendants.  See Part II.A.

8

consent search.  See 603 F.3d at 183, 188.  Per the court of appeals, the claim only accrued once the plaintiff's "attorney became aware of . . . extensive documents describing the State's pervasive selective-enforcement practices."  Id. at 188.

Based on Dique, the Plaintiff argues that the equal protection claim only accrued "once he was released from incarceration."  See Plaintiff's Opposition at 32-33.  He says that it was only after release from prison that he "discovered, or by exercise of reasonable diligence should have discovered," Dique, 603 F.3d at 188, the "systematic racial profiling," Plaintiff's Opposition at 33, that allegedly caused his stop, arrest, and later incarceration.

The Defendants do not push back.  Indeed, even after the Plaintiff cited Dique the Defendants did not, themselves, discuss the case in their own papers.

The Defendants have moved to dismiss, so they "bear[] the burden of persuading the Court that [they] should win."  Volynsky v. Prudential Ins. Co. of Am., 2025 WL 3062787, at *2 (D.N.J. Nov. 3, 2025) (citing Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)).  They cannot carry that burden without taking on Dique, and all the more so given that the Plaintiff did.

## III.  Conclusion

The Fourth Amendment claim is dismissed as to all Defendants. It was filed after time ran out.

As to the Fourteenth Amendment claim, the Defendants have not shown that it is time-barred.  It will therefore not be dismissed on that basis.

IT IS on this 27th day of March, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

9